

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-20-00013-CR
07-20-00014-CR
07-20-00015-CR
07-20-00016-CR

CEDRIC DEWAYNE MCNEAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Potter County, Texas
Trial Court Nos. 76,641-B, 76,642-B, 76,722-B, 77,067-B, Honorable Dan L. Schaap, Presiding

January 8, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Cedric Dewayne McNeal, appellant, appeals the trial court's judgments convicting him of 1) aggravated assault with a deadly weapon, 2) interference with emergency request for assistance, 3) assault causing bodily injury of a member of the family or household, and 4) violation of a protective order. After accepting a guilty plea and following the plea agreement, the trial court placed appellant on 6 years' deferred adjudication probation on all charges except the charge for the interference with

emergency request for which he received 5 years' deferred probation. Subsequently, the State moved the trial court to adjudicate appellant's guilt in the cause. After a hearing on the motion, the trial court found appellant violated conditions of his probation and adjudicated him guilty. Then, it sentenced him to eight years in prison on all charges save for the interference with emergency request; it levied a twelve-month sentence in a state jail facility with regards to it. Appellant now appeals.

Appellant's counsel has filed a motion to withdraw together with an *Anders*[1] brief. Through those documents, she certifies to the Court that, after diligently searching the record, the appeal is without merit. Accompanying the brief and motion is a copy of a letter sent by counsel to appellant informing the latter of counsel's belief that there is no reversible error and of appellant's right to file a pro se response to counsel's *Anders* brief. So too did counsel provide appellant with a copy of the clerk's and reporter's records, according to the letter. Appellant filed a response on December 17, 2020.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal. They concerned, among other topics, 1) the original plea of guilt, 2) evidence to support appellant's probation violations, 3) sentencing, and 4) ineffective counsel. However, she then explained why the issues lacked merit. We conducted our own review of the record and reviewed the pro se response to uncover arguable error. This was done per *In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008), and *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991) (en banc). No arguable issues were discovered.

---

[1] *See Anders v. California,* 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

However, our review did reveal various discrepancies between the record and statements in the trial court's written judgments. First, in the latter and under the heading "Plea to Motion to Adjudicate," the trial court represented that appellant pled true to the motion to adjudicate. This is accurate, in part. The appellate record shows appellant pled true to all of the allegations except one. The one to which he did not plead true concerned his commission of a new offense by assaulting Dancer. Second, under the heading "Terms of the Plea Bargain (if any) . . . the trial court had entered Eight (8) Years Institutional Division, TDCJ." There was no plea bargain. Third, each judgment states that appellant waived his right to appeal and was not granted the right to appeal. Those too were shown to be inaccurate by the record.

When the oral pronouncement of the sentence and the written judgment vary, the former controls. *Ette v. State*, 559 S.W.3d 511, 516 (Tex. Crim. App. 2018). Furthermore, this Court has the authority to modify a trial court's judgment to make the record speak the truth when it has the requisite data and information. *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (en banc). Based on this authority and the reporter's record of the adjudication hearing, we modify the written judgments to state that 1) appellant pled true to all the allegations in the State's motion except that regarding a new offense relating to an assault upon Dancer, 2) there was no plea bargain in the adjudication hearing, and 3) appellant did not waive his right to appeal and was not denied permission to appeal.

Furthermore, we note that appellant was assessed $1,600 in attorney's fees when he initially pled guilty and was placed on probation in trial court cause number 76641-B-CR, appellate cause number 07-20-00013-CR on March 28, 2019. No appeal was taken

3

from this order. Subsequently, after his probation was revoked, appellant was assessed the original $1,600 and an additional $1,800 in attorney's fees. We, further, note that in the judgment adjudicating appellant's guilt, the trial court made a finding that "[appellant] has financial resources that enable [appellant] to offset in part or in whole the cost of the legal services provided to [appellant]. Therefore, the Court ORDERS [appellant] to pay AS PER ATTACHED BILL OF COSTS as court costs to the County. Tex. Code Crim. Proc. art. 26.05(g)." We do not find evidence of record supporting this finding.

Attorney's fees are compensatory and non-punitive. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). If a trial court "determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of legal services provided" by a court-appointed attorney, the court has authority to order a convicted defendant to pay "the amount that [it] finds the defendant is able to pay." *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2020). A trial court errs if it orders reimbursement of court-appointed attorney's fees without record evidence demonstrating a defendant's financial resources to offset the costs of legal services. *Shead v. State*, No. 07-15-00164-CV, 2015 Tex. App. LEXIS 8411, at *6–7 (Tex. App.—Amarillo Aug. 11, 2015, no pet.) (mem. op., not designated for publication). Furthermore, the Texas Court of Criminal Appeals has held that a complaint concerning the assessment of court-appointed attorney's fees as a condition of community supervision is forfeited if not raised by direct appeal at the time community supervision was first imposed. *Riles v. State*, 452 S.W.3d 333, 338 (Tex. Crim. App. 2015) (citing *Wiley v. State*, 410 S.W.3d 313, 320-21 (Tex. Crim. App. 2013), *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999)); *Shead v. State*, 2015 Tex. App. LEXIS 8411, at *6–7.

4

Therefore, in trial court cause number 76641-B-CR, we delete the improper assessment of $1,800 for court-appointed attorney's fees from the total assessment of $4,299.00. Accordingly, the motion to withdraw is granted and the judgments are affirmed as modified.[2]

Brian Quinn
Chief Justice

Do not publish.

---

[2] Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals.