

# NUMBER 13-20-00295-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

EARL AARON,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

## On appeal from the 87th District Court
## of Freestone County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Benavides

Appellant Earl Aaron was indicted for evading arrest with a vehicle, a third-degree felony.[1] *See* TEX. PENAL CODE ANN. § 38.04. On July 22, 2019, he was placed on deferred adjudication community supervision for a period of six years. The State filed its motion to

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

adjudicate on February 7, 2020, alleging three violations. Aaron pleaded true to two of the violations involving monetary requirements and not true to a new offense. A hearing was held where the State presented witnesses regarding the new offense. The trial court found the allegations in the motion to adjudicate to all be true and sentenced Aaron to three years' imprisonment in the Texas Department of Criminal Justice–Institutional Division.

Aaron appealed, and his court appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, Aaron's court-appointed appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record and has found no non-frivolous grounds for appeal. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014), Aaron's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court in writing that counsel has: (1) notified Aaron that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided Aaron with copies of both pleadings; (3) informed Aaron of his rights to file a pro se response, [2] review the record preparatory to filing that response, and seek discretionary review if the court of appeals concludes that the appeal is frivolous; and (4) provided Aaron with a form motion for pro se access to the appellate record, lacking only Aaron's signature and the date and including the mailing address for the court of appeals, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–19; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Aaron filed a letter, which we construe as a pro se response.[3]

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

[3] Also pending before this Court is Aaron's pro se motion requesting the appointment of a new appellate attorney to assist him. This Court issued an order to the trial court in December 2020 in response to Aaron's motion to determine if Aaron was denied effective assistance of counsel and whether Aaron was indigent and entitled to new appellate counsel. After considering an affidavit filed by Aaron's current appellate counsel, the trial court issued findings in January 2021 that appellate counsel had been an effective advocate within his ethical obligations by filing an *Anders* brief. Therefore, the trial court concluded that no new appellate attorney should be appointed and Aaron, whom it did find indigent, should proceed pro se. We agree with the trial court's findings and deny Aaron's motion for new appellate counsel.

3

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, counsel's brief, Aaron's pro se response, and found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Aaron's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) (citations omitted))). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Aaron and to advise him of his right to file a petition for discretionary review.[4] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*,

---

[4] No substitute counsel will be appointed. Should Aaron wish to seek further review of this case by

4

252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV. MODIFICATION OF JUDGMENT

Aaron's appellate counsel did point this Court's attention to a clerical error in the judgment, which states that Aaron pleaded "True to the motion to adjudicate." The record clearly establishes that Aaron pleaded true to allegations two and three, and not true to allegation one.

We may modify incorrect judgments to make the record "speak the truth" when we have the necessary data and information. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd); *see also Allison v. State*, No. 10-19-00375, 2020 WL 6065949, at *3 (Tex. App.—Waco Oct. 14, 2020, no pet.) (per curiam). We have the power to modify whatever the trial court could have corrected by a judgment nunc pro tunc when the information necessary to correct the judgment appears in the record. *Ette v. State*, 551 S.W.3d 783, 792 (Tex. App.—Fort Worth 2017), *aff'd*, 559 S.W.3d 511 (Tex. Crim. App. 2018). We conclude that the necessary information to correct the judgment appears in the record. *See id.* Therefore, we modify the trial court's judgment to reflect

the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

that Aaron pleaded "True to allegations two and three, and not true to allegation one."

## V.   CONCLUSION

We affirm the trial court's judgment as modified.


GINA M. BENAVIDES
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
25th day of March, 2021.