

## NUMBER 13-20-00335-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

THOMAS EDWARD WILDMAN, Appellant,

v.

THE STATE OF TEXAS, Appellee.

**On appeal from the 149th District Court
of Brazoria County, Texas.**

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva
Memorandum Opinion by Justice Silva**

Appellant Thomas Edward Wildman appeals a judgment revoking his community supervision and adjudicating him guilty of three counts of online solicitation of a minor under the age of fourteen, a second-degree felony. *See* TEX. PENAL CODE ANN. § 33.021(b)(1), (c), (f). The trial court sentenced Wildman to fifteen years' imprisonment. Wildman's court-appointed counsel filed an *Anders* brief stating that there are no arguable

grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm as modified.[1]

## I. ANDERS BRIEF

Pursuant to *Anders v. California*, Wildman's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Wildman's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Wildman's counsel also informed this Court in writing that he (1) notified Wildman that counsel filed an *Anders* brief and a motion to withdraw; (2) provided Wildman with copies of both pleadings; (3) informed Wildman of his rights to

---

[1] This case is before this Court on transfer from the Fourteenth Court of Appeals in Houston pursuant to a docket equalization order issued by the Supreme Court of Texas. See TEX. GOV'T CODE ANN. § 73.001.

file a pro se response, to review the record prior to filing a response, and to seek discretionary review in the Texas Court of Criminal Appeals if this Court finds that the appeal is frivolous; and (4) provided Wildman with a form motion for pro se access to the appellate record with instructions to sign and file the motion with the court of appeals within ten days by mailing it to the address provided. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Wildman has been provided access to the appellate record. Wildman filed a motion to extend the time to file a pro se response, which was granted, extending the deadline to April 16, 2021. However, adequate time has passed, and Wildman has not filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed counsel's brief and the entire record, and we have found nothing that would support a finding of reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Wildman's attorney asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d

3

at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Wildman and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV.   JUDGMENT MODIFICATION

During our independent review of the record, we observed a clerical error in the judgment, which sets forth that Wildman was found guilty and convicted for counts one and three under Texas Penal Code § 33.021(f).[3] However, subsection (f) merely sets out the offense degrees for the different means of committing the offense of online solicitation of a minor. *See* TEX. PENAL CODE ANN. § 33.021(f). Rather, Wildman was convicted under § 33.021(b)(1), solicitation by "communicat[ing] in a sexually explicit manner with a minor," which is consistent with the indictment. *See id.* § 33.021(b)(1); (f).

We may modify incorrect judgments to make the record "speak the truth" when we have the necessary data and information, and we may do so on our own motion. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993);

---

[2] No substitute counsel will be appointed. If Wildman seeks further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. A petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

[3] Consistent with the indictment, the judgment correctly reflects that Wildman was convicted under Texas Penal Code § 33.021(c) for count two. *See* TEX. PENAL CODE ANN.§ 33.021(c).

4

*Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). We have the power to modify whatever the trial court could have corrected by a judgment nunc pro tunc when the information necessary to correct the judgment appears in the record. *Ette v. State*, 551 S.W.3d 783, 792 (Tex. App.—Fort Worth 2017), *aff'd*, 559 S.W.3d 511 (Tex. Crim. App. 2018). We conclude that the necessary information to correct the judgment appears in the record. *See id*. Therefore, we modify the trial court's judgment to reflect that for counts one and three Wildman was convicted under Texas Penal Code § 33.021(b)(1).

## V.    CONCLUSION

We affirm the trial court's judgment as modified.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
15th day of July, 2021.