

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0538-17

### EDDIE OFFIONG ETTE, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### TARRANT COUNTY

**ALCALA, J., delivered the opinion for the unanimous Court.**

### O P I N I O N

In his petition for discretionary review, Eddie Offiong Ette, appellant, challenges the judgment of the court of appeals upholding the imposition of a $10,000 fine assessed as part of his punishment for misapplication of fiduciary property. The fine was lawfully assessed by a jury, included in the trial court's written judgment, but not orally pronounced at sentencing. To resolve appellant's complaint, we must address two conflicting rules. On the one hand, a trial court has no authority to alter a jury's lawful verdict on punishment. On the other hand, sentences, including fines, must be orally pronounced in a defendant's presence,

and, as a matter of due process and fair notice, the sentence orally pronounced by the trial judge controls if it differs from the sentence detailed in the written judgment. We hold that this latter judicially created rule giving precedence to the oral pronouncement over the written judgment cannot supplant a jury's lawful verdict on punishment that has been correctly read aloud in a defendant's presence in court. Accordingly, we hold that the trial court's judgment may properly impose the fine against appellant despite the failure to orally pronounce it. We, therefore, affirm the judgment of the court of appeals upholding the imposition of the fine.

## I. Background

A jury found appellant guilty of the first-degree felony offense of misapplication of fiduciary property in an amount exceeding $200,000.[1] Appellant elected for the jury to assess his punishment. The jury instructions set out the applicable range of punishment, which could include a fine not to exceed $10,000. The jury's returned verdict form assessed appellant's punishment at ten years' confinement and a $10,000 fine. It recommended that the confinement be suspended, but not the fine. Upon receiving the jury's unanimous verdict on punishment, the trial court read the verdict form aloud on the record in appellant's presence.[2] Both appellant and the State declined to poll the jury. Immediately after reading

---

[1]    *See* TEX. PENAL CODE § 32.45(b), (c)(7) (West Supp. 2005).

[2]    [Court]: "Verdict Form: We, the jury, having found the defendant, [appellant], guilty of the offense of misapplication of fiduciary property as charged in the indictment, assess his punishment at confinement in the Correctional Institutions Division of the Texas Department of Criminal Justice for 10 years and we do recommend that the imposition of his sentence be suspended and that he be

the jury's verdict, the trial judge orally pronounced sentence. The trial judge sentenced

appellant to a suspended ten-year term of confinement but did not mention the fine. The trial

judge stated,

> In Cause No. 1363508D; State of Texas versus [appellant]. The jury, having found you guilty upon your plea of not guilty to the offense of misapplication of fiduciary property, and having assessed your punishment at 10 years' confinement in the penitentiary, and having recommended that your sentence be suspended, your sentence is hereby suspended and you will be placed on community supervision for a period of 10 years.[3]

On direct appeal, appellant contended that the $10,000 fine should not be imposed.

Because the fine had not been orally pronounced at sentencing by the trial judge, and because

the oral pronouncement has been held to control over the written judgment, appellant argued

that the fine should be deleted from the judgment. In a split decision, the court of appeals

rejected this complaint and upheld the fine assessed by the jury. *Ette v. State*, 551 S.W.3d

783, 789 (Tex. App.—Fort Worth). The court of appeals began its analysis by stating,

"When the trial judge's oral pronouncement of the punishment assessed by the jury

inadvertently omits the lawful fine determined by the jury, we harmonize the record before

us—the jury verdict, the trial court's pronouncement, and the written judgment—to protect

---

placed on community supervision. In addition thereto, we, the jury, assess a fine of $10,000 and we do not recommend that such fine be suspended. Signed by the foreman of this jury."

[3]     Both the community-supervision paperwork and the written judgment entered by the trial court reflect the $10,000 fine assessed by the jury. The form setting out the terms and conditions of community supervision was signed by appellant the same day as sentencing, approximately forty-five minutes after the proceeding adjourned. The written judgment of conviction form indicates it was "signed and entered" the following day.

the valid jury verdict." *Id*. at 789-90. The court of appeals found that the failure to include the fine in the oral pronouncement but the fine's inclusion when reciting the verdict form after accepting it from the jury, as well as its presence in the written judgment, "create a potential ambiguity in the sentence and justify resolving the case in favor of the jury verdict." *Id*. at 790-91. Additionally, the trial court's inclusion of the fine in the terms and conditions of community supervision, warning that failure to follow any of those terms may result in revocation, and admonishment of those conditions immediately after the pronouncement evidenced the trial court's intent to impose the fine assessed by the jury and also provided appellant with notice that he was required to pay the $10,000 fine. *Id*. at 791. The court of appeals concluded that "[t]he context of the oral pronouncement in this case makes clear that [a]ppellant, the State, and the trial judge understood the sentence to be what appeared in both the verdict and the judgment—ten years' confinement (with the trial court accepting the jury's probation recommendation) and a $10,000 fine." *Id*. The court of appeals, therefore, resolved the discrepancy in favor of the jury's verdict and upheld the imposition of the fine. *Id*.

In contrast, the dissent argued that this Court's precedent holds that the oral pronouncement governs and the fine should be deleted. *Id*. at 796-97 (Kerr, J., dissenting). While noting that this rule applies most clearly in non-jury settings, the dissent argued that no court has viewed oral sentencing in a jury trial as purely ministerial or superfluous when done immediately after the jury verdict is read aloud in the defendant's presence. *Id*. at 793.

The dissent relied on the rationale underlying the rule, which applies in both the jury and non-jury contexts, namely, that a defendant has a right to be sentenced in person and know with certainty that his sentence will be what was pronounced in his presence. *Id*. at 795.

In his petition for discretionary review, appellant's ground for review asserts that the "court of appeals erred in affirming a fine included in the judgment which had not been orally pronounced by the trial court at sentencing." Appellant argues that this Court's precedent makes clear that fines are part of the sentence and must be pronounced in the defendant's presence and that the oral pronouncement of sentence controls over the written judgment when the two conflict. In response, the State argues that the court of appeals correctly resolved the discrepancy between the oral pronouncement and the written judgment. The State submits that jury verdicts are accorded great sanctity and should not be lightly annulled or disregarded. It notes that trial courts are generally powerless to change lawful jury verdicts and have little authority to do anything other than impose the sentence assessed by a jury. Accordingly, the State asserts that jury and non-jury punishment proceedings are different with respect to reviewing discrepancies at sentencing. In a non-jury context, such as a bench trial, a reviewing court is limited to the trial judge's oral pronouncement and the written judgment, and thus, a "hard-and-fast rule" that the oral pronouncement takes precedence over the written judgment makes sense because that pronouncement is the only evidence of the sentence intended by the trial judge. In a jury context, however, the jury's written verdict form is also available, and moreover, statutorily, the punishment must mirror

that verdict when it prescribes a lawful punishment, absent extraordinary or unusual circumstances not at issue here. Therefore, a rule that the oral pronouncement controls over the written judgment should not apply to unambiguous lawful jury verdicts.

## II. Analysis

While the oral pronouncement of sentence has been held to control over a conflicting sentence embodied in the written judgment, that rule of precedence does not apply when a jury, rather than the trial court, assesses the conflicting aspect of punishment and the jury's lawful verdict is correctly read aloud in the defendant's presence. In this case, the jury verdict that was read aloud in appellant's presence correctly included the $10,000 fine, and the trial court was required to include that fine in the written judgment. Accordingly, we conclude that, despite the trial judge's failure to separately orally pronounce the $10,000 fine assessed by the jury, the fine may properly be imposed. We explain our conclusion by first setting forth the applicable law on sentencing. We then discuss why the general rule on oral pronouncements controlling over written judgments does not apply when, as here, a jury's lawful verdict is read aloud in court.

The assessment of punishment entails three components: the verdict, the judgment, and the sentence. The "verdict" is the "written declaration by a jury of its decision of the issue submitted to it in the case." TEX. CODE CRIM. PROC. art. 37.01. The "judgment" is the "written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant" and "[t]he sentence served shall be based on the

information contained in the judgment." *Id*. art. 42.01, § 1. The "sentence" is "that part of the judgment . . . that orders that the punishment be carried into execution in the manner prescribed by law." *Id*. art. 42.02. The judgment includes the sentence. *State v. Ross*, 953 S.W.2d 748, 750 (Tex. Crim. App. 1997) ("[A] sentence is nothing more than the portion of the judgment setting out the terms of punishment."). "A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).

Defendants have the right to have a jury assess their punishment. *See* TEX. CODE CRIM. PROC. art 37.07, § 2(b). Generally, a trial court has no power to alter a lawful jury verdict unless it is with the jury's consent and before the jury has dispersed. *See Ex parte McIver*, 586 S.W.2d 851, 854 (Tex. Crim. App. 1979) (panel op.); *see also State v. Aguilera*, 165 S.W.3d 695, 697 (Tex. Crim. App. 2005) ("Absent a sentence not authorized by the applicable statute, a trial court may not alter a sentence assessed by a jury[.]").[4] In addition to the right to jury sentencing, defendants have a right to be present when sentence is pronounced. When the jury agrees upon a verdict, it shall be read aloud by the judge and entered upon the minutes of the court. TEX. CODE CRIM. PROC. art. 37.04. "In felony cases the defendant must be present when the verdict is read unless his absence is wilful or

---

[4]     The Code of Criminal Procedure provides a limited authority for trial judges to alter jury verdicts that assess punishment outside the permissible range. *See* TEX. CODE CRIM. PROC. art. 37.10(b).

voluntary." *Id*. art. 37.06. Additionally, in felony cases, "sentence shall be pronounced in the defendant's presence." *Id*. art. 42.03, § 1(a).[5]

In this case, the fine was not orally pronounced as part of the sentence but was assessed as part of the jury's verdict and included in the written judgment. Thus, two competing principles are implicated. On one hand, this Court has interpreted fines as punitive and therefore part of the sentence assessed by the jury, and they must be pronounced in the defendant's presence. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) ("Fines are punitive, and they are intended to be part of the convicted defendant's sentence as they are imposed pursuant to Chapter 12 of the Texas Penal Code, which is entitled 'Punishments.'"; "[F]ines generally must be orally pronounced in the defendant's presence."). On the other hand, a trial court must enter the lawful verdict of a jury as the court's judgment. *See* TEX. CODE CRIM. PROC. art. 42.01, §1(8) ("The judgment shall reflect . . . that the defendant be punished in accordance with the jury's verdict[.]"); *see also id.* at §1(7) ("The judgment shall reflect the verdict or verdicts of the jury[.]").

As a general rule, when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Madding*, 70 S.W.3d at 135. Explaining the rationale for this rule, we have stated,

[T]he imposition of sentence is the crucial moment when all of the parties are

---

[5]    Article 42.14 provides limited exceptions to this presence requirement, none of which are applicable here. *See* TEX. CODE CRIM. PROC. art. 42.14.

physically present at the sentencing hearing and able to hear and respond to the imposition of sentence. Once he leaves the courtroom, the defendant begins serving the sentence imposed. Thus, "it is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith."

*Madding*, 70 S.W.3d at 135 (quoting *Coffey v. State,* 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)). Moreover, it "violates a defendant's constitutional right to due process to orally pronounce sentence to him and then later, without notice to the defendant and without giving him an opportunity to be heard, enter a written judgment imposing a significantly harsher sentence." *Id*. 136-37. In *Madding*, we reasoned,

At a bare minimum, due process requires that a defendant be given notice of the punishment to which he has been sentenced. To orally pronounce one sentence to a defendant's face and then to sign a written judgment more than a month later, when the defendant is not present, that embodies an extravagantly different and more severe sentence than the oral sentence, violates any notion of constitutional due process and fair notice. A defendant has a due process "legitimate expectation" that the sentence he heard orally pronounced in the courtroom is the same sentence that he will be required to serve.

*Id*. at 136.

However, none of the cases in which this Court has held that the oral pronouncement controls over the written judgment involved a jury's verdict on punishment. Rather, we have held the oral pronouncement to control when the conflict concerned an aspect of punishment within the trial court's authority to alter, such as cumulating sentences, imposing sentence after a guilty plea, or upon revocation of community supervision. *See id.* at 132-33 (trial court pronounced concurrent sentences but judgment stated consecutive sentences);

*Armstrong*, 340 S.W.3d at 762 (trial court sentenced defendant to six years in prison without orally pronouncing court costs); *Taylor*, 131 S.W.3d at 499 (trial court sentenced defendant to four years in prison without orally pronouncing fine); *Coffey*, 979 S.W.2d at 327 (trial court sentenced defendant to five years in prison without orally pronouncing fine). Additionally, as the State notes, in sentencing by the trial judge rather than a jury, the oral pronouncement and the written judgment are the only records of the punishment intended to be assessed. Thus, in situations where sentencing is by the trial court or where aspects of punishment rest within the trial judge's discretion, holding the oral pronouncement to control over the written judgment makes sense. But this Court has not held that the oral pronouncement must similarly control over a conflict with a jury's lawful verdict that has also been read aloud in the defendant's presence. Applying an absolute rule that the oral pronouncement controls would improperly supplant the role of the jury. *See* TEX. CODE CRIM. PROC. art 37.07, § 2(b); *McIver*, 586 S.W.2d at 854. A jury's lawful verdict on punishment is inviolate, and the trial court must abide by it. *See Aguilera*, 165 S.W.3d at 697; *see also* TEX. CODE CRIM. PROC. art. 37.10(b). Here, appellant elected for the jury to assess punishment. The jury's verdict imposed a lawful fine within the permissible statutory range, and its verdict was read aloud in court in appellant's presence. Because a jury's lawful verdict must be imposed as the trial court's judgment, appellant was not deprived of notice that his punishment included a $10,000 fine due to the trial judge's failure to restate the fine when orally pronouncing sentence.

### III. Conclusion

We hold that the $10,000 fine assessed by the jury may be properly imposed despite the trial judge's failure to orally pronounce it.  We, therefore, affirm the court of appeals's judgment upholding the imposition of the fine.

Delivered: September 19, 2018

PUBLISH