

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00429-CR

DONOVAN VICTOR LOPEZ, APPELLANT

V.

STATE OF TEXAS, APPELLEE

On Appeal from the 154th District Court, Lamb County, Texas
Trial Court No. DCV-5548-17, Honorable Felix Klein, Presiding

April 17, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Donovan Victor Lopez, appellant, appeals the order adjudicating him guilty of aggravated assault with a deadly weapon and involving family violence. The trial court sentenced him to 15 years' imprisonment. After appellant having the adjudication of his guilt initially deferred and being placed on community supervision in February 2018, appellant was placed on ten years' deferred adjudication. The State moved to adjudicate said guilt, claiming multiple violations of the conditions of his supervision. The trial court heard the motion on September 20, 2019. At the hearing, appellant pled "true" to four of the State's allegations. Testimony was presented in effort to prove others. Ultimately,

the trial court found that appellant violated the conditions of his community supervision 12 times, adjudicated him guilty, and levied the aforementioned sentence. Appellant appealed. His counsel on appeal filed a motion to withdraw together with an *Anders* brief.[1]

Through the motion and brief, appellant's counsel certified that, after diligently searching the record, the appeal is without merit. Accompanying the brief and motion is a copy of a letter sent by counsel to appellant informing the latter of counsel's determination that there were no arguable issues to appeal. Counsel also informed appellant of the latter's right to tender a pro se response and of his right to petition the Court of Criminal Appeals for discretionary review if this court affirmed the judgment. So too did counsel send a copy of the appellate record to appellant.

By letter dated March 9, 2020, this Court notified appellant of his right to file his own brief or response and set the deadline to do so at April 8, 2020. Rather, than tender such a brief or response, appellant moved for an extension of time to petition for discretionary review by the Court of Criminal Appeals.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal. However, he then explained why the issues lacked merit.

We conducted our own review of the record to assess the accuracy of counsel's conclusions and to uncover arguable error pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008), and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991) (en banc). No issues of arguable merit were uncovered.

---

[1] *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2

Our review did reveal various discrepancies between the trial court's oral pronouncement and its written judgment. In specifying orally which of the allegations mentioned in the State's motion to adjudicate guilt were true, the trial court identified 1B, 1D, 2A, 2B (pertaining to alcohol use but not THC), 2C, 4A, 4B, 5A, 6, 7, 8, and 9. The allegations specified in the written judgment as being true deviated from the oral pronouncement, however. When there is a variation between the oral pronouncement and the written judgment, the oral pronouncement controls. *Ette v. State*, 559 S.W.3d 511, 516 (Tex. Crim. App. 2018). Furthermore, this Court has the authority to modify a trial court's judgment to make the record speak the truth when it has the requisite data and information. *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (en banc). Based on this authority and the reporter's record of the adjudication hearing, we modify the written judgment to read that the following allegations, and only the following allegations, were found true: 1B, 1D, 2A, 2B (pertaining to alcohol use but not THC), 2C, 4A, 4B, 5A, 6, 7, 8, and 9.

Accordingly, the motion to withdraw is granted and the judgment is affirmed as modified.[2] Having no authority to act upon his motion to extend the deadline to petition the Court of Criminal Appeals for discretionary review, we order our court clerk to immediately forward the motion to the clerk of that court.

Per Curiam

Do not publish.

---

[2] Appellant has the right to file a petition for discretionary review with the Texas Court of Criminal Appeals.