

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00184-CR

_____

CODY DERREK BARNARD, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1534169D

---

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

After entering a charge bargain,[1] appellant Cody Derrek Barnard pleaded guilty to intoxication assault with a motor vehicle causing serious bodily injury and went before the court for punishment. The trial court sentenced Barnard to ten years' incarceration in prison with a recommendation that Barnard "be paroled to [the Substance Abuse Felony Program], which might get [him] out sooner."[2] Barnard appealed, and the trial court certified that Barnard had its permission to appeal.

In two points, Barnard argues that (1) the trial court abused its discretion and assessed a grossly disproportionate punishment in violation of the United States Constitution by not suspending his sentence and placing him on community supervision and (2) the trial court denied him due process and due course of law under the United States and Texas Constitutions, respectively, by not suspending the imposition of his sentence and placing him on community supervision. The State responds that Barnard failed to preserve either complaint.

The record shows that Barnard did not object when sentenced and that although he filed a motion for new trial, he did not complain about his sentence. We

---

[1]The trial court disputes that a charge bargain occurred. But both Barnard and the State assert unequivocally in their briefs that Barnard pleaded guilty as part of a charge bargain, and in the process, both sides describe a classic charge bargain. *See Harper v. State*, 567 S.W.3d 450, 455 (Tex. App.—Fort Worth 2019, no pet.) (explaining a charge bargain as a type of plea bargain).

[2]The trial court referred to this as "SAFP." *See Ex parte Wilson*, 171 S.W.3d 925, 927 (Tex. App.—Dallas 2005, no pet.).

hold that Barnard has not preserved his complaints, and we overrule both points. *See Leza v. State*, 351 S.W.3d 344, 358 (Tex. Crim. App. 2011); *Sample v. State*, 405 S.W.3d 295, 303–04 (Tex. App.—Fort Worth 2013, pet. ref'd).

But one more matter remains. In the judgment, under "Terms of Plea Bargain," the plea-bargain box is left unchecked, and the judgment recites "Open Plea to the Court." This is a clerical error and is not supported by the record, which shows a charge bargain with Barnard going to the court with no agreement on punishment (no sentence bargain). *See Harper*, 567 S.W.3d at 455. Put another way, the record shows a charge bargain with Barnard going "open" to the court for punishment. The guilty plea itself was not open (it was settled); rather, it was the punishment to be imposed based on the guilty plea that was open (it was not settled). *See Open*, Black's Law Dictionary (10th ed.) (defining "open" as "[n]ot closed, settled, fixed, or terminated").

We may modify incorrect judgments to make the record "speak the truth" when we have the necessary data and information to do so. *Ette v. State*, 551 S.W.3d 783, 792 (Tex. App.—Fort Worth 2017), *aff'd*, 559 S.W.3d 511 (Tex. Crim. App. 2018). We have the power to modify whatever the trial court could have corrected by a judgment nunc pro tunc when the information necessary to correct the judgment appears in the record. *Id.* Our authority to modify incorrect judgments depends neither on a party's request nor on whether a party objected in the trial court. *Id.* Accordingly, we delete "Open Plea to the Court" from the judgment, check the box

for "Terms of Plea Bargain," and insert the following into the judgment: "Defendant pleaded guilty in exchange for the State's waiving a deadly weapon finding." *See id.*

As modified, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 4, 2021