

# NUMBER 13-19-00624-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOE R. RIOS A/K/A ROMAN JOE RIOS
A/K/A ROMAN RIOS A/K/A JOE ROMAN RIOS
A/K/A ROMAN J. RIOS,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## On appeal from the 156th District Court
## of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Tijerina**

A jury convicted appellant Joe R. Rios a/ka Roman Joe Rios a/k/a Roman Rios a/k/a Joe Roman Rios a/k/a Roman J. Rios of possession of a controlled substance with intent to deliver, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c). Appellant's punishment range was enhanced for prior felony convictions,

and the jury sentenced him to thirty-five years' imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 12.42(b). By his sole issue, appellant raises an ineffective assistance of counsel claim arguing that his trial defense attorney failed to object to a mischaracterization made by the State during its rebuttal, which appellant argues prejudiced the jury and resulted in an unfair trial. We affirm as modified.

## I.    BACKGROUND

On August 6, 2019, appellant was indicted for possession of a controlled substance with intent to deliver. *See id.* On November 12, 2019, the trial commenced. Texas Department of Public Safety (DPS) Special Agent Paul Quintanilla testified that on March 29, 2019, he stopped appellant for speeding and unsafe merging. During the stop, he observed appellant throw a plastic bag from the passenger window. DPS chemist, Roman Gonzales, testified that the content in the bag tested positive for methamphetamine.

During trial, the evidence showed the State had initially made a mistake in calculating the bag's contents. It was first marked as having 16.5 grams of drugs, but the scale had been set to carats and not grams. Later, the State clarified that there was a mistake in the scale's setting. The bag's contents were 3.07 grams—which equals almost 16.5 carats after conversion.

Additionally, an interview recording was admitted into evidence wherein appellant confessed to the possession of the methamphetamine and his intent to deliver the drugs. Special Agent Quintanilla conceded during trial that he did not recite *Miranda* rights to appellant at the scene of the arrest but rather did so a few moments before questioning

2

began at the police station.

During closing argument, appellant's trial counsel argued that the evidence never showed appellant in actual possession of the substance. He used the initial miscalculation in the drug amount to argue that even if mistakes can be made by police officers, there is no room for error when it comes to defendant rights advisement. Trial counsel finalized this point by arguing that appellant's video statement was not voluntarily made because *Miranda* rights were not appropriately advised by Special Agent Quintanilla. *See* TEX. CODE CRIM. PROC. ANN. art. 38.21 ("A statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion or persuasion . . . ."). The State, in rebuttal, argued the following:

> [Appellant] waived his rights and then he's answering the officer's questions. It's that plain. So—but, once again, and I don't blame them, I'm not, you know, mad at them. That is their shot at trying to, you know, to get someone who's dealing drugs off, wanting you to ignore that evidence, but I think the video speaks for itself. The evidence speaks for itself. And so the question is, did he voluntarily waive those rights?

The jury found appellant guilty of possession of a controlled substance with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112. Appellant was sentenced to thirty-five years' imprisonment. This appeal followed.[1]

## II.  STANDARD OF REVIEW AND APPLICABLE LAW

Ineffective assistance of counsel claims are not built on retrospective speculation of the facts; they must be firmly grounded in the record, which must affirmatively show the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002);

---

[1] The State did not file an appellate brief to assist us in the resolution of this appeal.

3

*Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999). Judicial scrutiny of counsel's performance must be highly deferential; otherwise, it would be too tempting and easy to conclude that a particular act or omission by counsel is unreasonable. *See Engle v. Isaac*, 456 U.S. 107, 133–34 (1982).

"The *Strickland* standard has been adopted in Texas for resolving allegations of ineffective assistance of counsel under both the federal and state Constitutions." *Castoreno v. State*, 932 S.W.2d 597, 599–600 (Tex. App.—San Antonio 1996, pet. ref'd); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). The test for ineffective assistance is two-pronged: first, the defendant must show counsel's performance was substandard; that is, counsel has made errors so grave that counsel did not function as guaranteed to the defendant under the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the defendant must show that the deficient performance prejudiced the defense, that is, the errors were so severe as to deprive the defendant of a fair trial. *Id.* Both elements have to be met to determine that the conviction resulted from a collapse of the essential adversary process, rendering the result unreliable. *Id.* A defendant must overcome the strong presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Id.* at 689 (citing *Michel v. State of La.*, 350 U.S. 91, 101 (1955)).

The proper measure of the first prong, attorney performance, is "reasonableness under prevailing professional norms." *Id.* at 688. The guarantees of the Sixth Amendment rely on the legal profession's maintenance of professional norms. *Id.* Although no set of rules can satisfactorily take account of the multitude of circumstances and choices a

defense counsel should make when representing a criminal defendant, representing a defendant entails certain basic duties like counsel having "to bear such skill and knowledge as will render the trial a reliable adversarial testing process." *Id.* The purpose of the effective assistance guarantee under the Sixth Amendment is not to improve the quality of representation, although important, but rather to ensure that criminal defendants receive a fair trial. *Id.* at 689.

Even if professionally unreasonable, an error does not warrant setting aside the judgment if there has been no prejudicial effect on the outcome. *United States v. Morrison*, 449 U.S. 361, 364–65 (1981). The test for prejudice requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694. Therefore, the court should consider whether the fact-finder would have had reasonable doubt in respect to guilt, absent counsel's error. *Id.* at 695. In considering this question, a court adjudicating an ineffectiveness claim must consider the totality of the evidence. *Id.* at 695. Some errors might be trivial in regard to all the facts, and other errors might have a pervasive effect. *Id.* at 695, 696.

### III.    DISCUSSION

Appellant contends that his trial counsel did not provide effective assistance when he failed to object to the State's rebuttal argument stating defense counsel wanted to "get someone who is dealing drugs off, wanting you to ignore that evidence . . . ." He further claims this omission by trial counsel led to prejudice and affected the fairness of the jury verdict.

5

Even assuming, without deciding, that the State's comment was impermissible and objectionable, it does not necessarily mean the fairness of the trial was thwarted. *See Morrison*, 449 U.S. at 364–65. The specific question for the case at hand would be: was the fact-finder prejudiced enough by defense counsel's failure to object to the State's argument that absent the omission, the verdict would have been different? *See Strickland*, 466 U.S. at 696. When considering this question, courts must consider the entirety of the evidence to determine if counsel's error was prejudicial to the jury's mind. *Id.* at 695.

In *Snowden v. State*, the court of criminal appeals held the conviction in that case was appropriate because although there was error in the prosecution saying the defendant had no remorse, the error was not harmful. 353 S.W.3d 815, 825 (Tex. Crim. App. 2011). The error in *Snowden* was not prejudicial because it was only said once, and it had a trivial effect weighed against the entire evidentiary makeup of the case; the evidence against the appellant was already substantial, if not overwhelming. *Id.* at 824–25. In this case, there is aggregated substantial evidence against appellant, including among other things, Special Agent Quintanilla's testimony that he observed appellant throw a baggie out of his vehicle during the traffic stop, and Gonzales's testimony that the bag contained methamphetamine. In addition, the police confiscated money that appellant told Special Agent Quintanilla he acquired through his involvement in drug transactions. Lastly, the trial court admitted a videotape that shows appellant confessed to possessing methamphetamine with intent to deliver.[2]

---

[2] Appellant does not argue on appeal that his video-recorded statement was improperly admitted, and he does not complain of his trial counsel's failure to object to its admission.

Additionally, the comment by the State was isolated and non-recurring. Thus, weighed against the evidence introduced at trial, the State's isolated comment during closing argument had little to no effect on the jury. *See id.* Moreover, such a statement is not egregious enough to become an inappropriate rebuttal after defense counsel has cast doubt on the incriminating evidence in their closing statement. *See, e.g.*, *Davis v. State*, 329 S.W.3d 798, 823 (Tex. Crim. App. 2010) (holding that argument by prosecutor where he calls defendant a con man after his four-hour testimony was a reasonable answer to opposing counsel's argument); *Garcia v. State*, 126 S.W.3d 921, 925 (Tex. Crim. App. 2004) (stating prosecution's use of the word "hogwash" to describe opposing counsel's argument was permitted and merely an opinion in "colorful language").

Appellant argues that his trial counsel's failure to object left the jury with the impression that the defense was asking the jury to ignore certain pieces of the evidence, as opposed to simply considering the weakness of the evidence by the State. We agree with the defense that there are myriad possibilities on how the State could have better phrased its rebuttal. Still, we do not believe this comment by the State substantially influenced the jury to convict appellant given the above set out evidence presented by the State.

Based on the totality of the circumstances and the overwhelming evidence against appellant at the trial level, it is unlikely the State's rebuttal had a substantial effect on the jurors' minds. *See Snowden,* 353 S.W.3d at 824, 825. We are persuaded beyond a reasonable doubt that this error, if any, made no contribution to the jury's determination that appellant is guilty of possession of a controlled substance with intent to deliver. We

overrule appellant's sole issue.

## IV. JUDGMENT MODIFICATION

During our independent review of the record, we observed a clerical error in the judgment, which states appellant was found guilty and convicted under Texas Health & Safety Code Ann. § 481.115(d), possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (setting out the elements of second-degree possession of a controlled substance). However, appellant was convicted under § 481.112(c), possession of a controlled substance with intent to deliver, which is consistent with the indictment. *See id.* § 481.112(c) ("An offense [of possession of a controlled substance with intent to deliver] is a felony of the second degree if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, one gram or more but less than four grams.").

We may modify incorrect judgments to make the record "speak the truth" when we have the necessary data and information, and we may do so on our own motion. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). We have the power to modify whatever the trial court could have corrected by a judgment nunc pro tunc when the information necessary to correct the judgment appears in the record. *Ette v. State*, 551 S.W.3d 783, 792 (Tex. App.—Fort Worth 2017), *aff'd*, 559 S.W.3d 511 (Tex. Crim. App. 2018). We conclude that the necessary information to correct the judgment appears in the record. *See id.* Therefore, we modify the trial court's judgment to reflect that appellant was convicted under Texas Health and Safety

8

Code § 481.112. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112.

## V.    CONCLUSION

We affirm the judgment as modified.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
30th day of June, 2022.