

# NUMBER 13-21-00352-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **CUONG MANH DANG,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 214th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Silva**

Appellant Cuong Manh Dang appeals the trial court's judgment revoking his community supervision, adjudicating him guilty of aggravated assault with a deadly weapon, a second-degree felony, and sentencing him to two years' confinement in the Texas Department of Criminal Justice Correctional Institutions Division (TDCJ). *See* TEX. PENAL CODE ANN. § 22.02(a)(2). By a single issue, Dang argues that the sentence

imposed by the trial court is disproportionate to the seriousness of the offense in violation of the Eighth and Fourteenth Amendments of the United States Constitution. *See* U.S. CONST. amends. VIII, XIV. We affirm as modified.

## I.    BACKGROUND

On April 26, 2018, Dang was indicted for aggravated assault with a deadly weapon against a family member causing serious bodily injury, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(b)(1); TEX. FAM. CODE ANN. § 71.003. On February 21, 2019, pursuant to a plea agreement, Dang pleaded guilty to aggravated assault with a deadly weapon against a family member without causing serious bodily injury, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2); TEX. FAM. CODE ANN. § 71.003. The trial court placed Dang on deferred adjudication community supervision for a period of two years. *See* TEX. CODE CRIM PROC. ANN. art. 42A.101. In July 2019, Dang's conditions of probation were modified to include twenty-four hours' confinement in the Nueces County Jail as a sanction for violating the terms of his probation. A subsequent modification to his conditions extended the term of probation by six months.

On March 5, 2021, the State filed a motion to revoke Dang's probation, alleging that he violated several conditions of his probation. On April 28, 2021, the State filed its first amended motion to revoke Dang's probation, alleging as follows: (1) Dang committed the offense of reckless driving on or about April 17, 2021; (2) Dang failed to report his April 2021 arrest within twenty-four hours; (3) Dang was in violation of curfew during his April 2021 arrest; (4) on December 15, 2020, Dang tested positive for cocaine and [Methylenedioxy-methamphetamine (MDMA)]; and (5) Dang "failed to adhere to [the] Court ordered payment plan."

2

The trial court heard the State's motion to revoke on August 24, 2021, via remote videoconferencing. The State announced that the parties reached an agreement wherein it would abandon the allegation that Dang committed the offense of reckless driving and Dang would plead true to the remaining allegations. The parties disagreed, however, as to the disposition.

The State requested that Dang be sanctioned and sentenced to an inpatient substance abuse treatment facility noting, however, that Dang did not speak English, and his progress would be frustrated by his inability to participate in the programs. Dang requested that the trial court consider his time served in jail and on an ankle monitor, allow him to pay off his remaining financial obligations, and release him from probation.[1] In the alternative, Dang asked the trial court to order a jail sanction and extend his probation. Dang postulated that a prison sentence "would end up getting him deported."

Dang testified with an interpreter during the punishment phase of the hearing and, despite the State abandoning ground one in its motion to revoke, was asked about the alleged offense of reckless driving. Dang acknowledged that he ran a red light and drove "about 80 miles-an-hour in a 45 mile-an-hour speed zone." Dang further acknowledged that he tested positive for cocaine and MDMA, but after the drug test, "[he] never used any of that anymore." The trial court noted that Dang's wife, Kimcuc Thi Pham, the complainant in the underlying aggravated assault, appeared next to Dang during the remote hearing, though a no-contact provision was issued as a condition of his probation.

---

[1] It is not clear whether Dang was requesting the trial court adjudicate him guilty and assess his punishment as time-served or to release him from community supervision without adjudicating him guilty. *See generally*, TEX. CODE. CRIM. PROC. arts. 42A.701–.757.

Dang explained to the trial court that he only asked his wife to assist him with their children after he got arrested.

The trial court found the allegations in the State's motion to be true, revoked Dang's community supervision, adjudicated him guilty of the underlying offense, and sentenced him to two years' confinement in TDCJ. *See* TEX. PENAL CODE ANN. § 22.02(a)(2); TEX. FAM. CODE ANN. § 71.003. On September 1, 2021, and October 13, 2021, Dang filed identical motions for reconsideration or to modify conditions of his probation, requesting the trial court reconsider his sentence because "[he] did not fully present to the [c]ourt [the] circumstances of his case and personal background." Dang's motions did not complain that his sentence was disproportionate. On September 13, 2021, the trial court denied Dang's first motion to reconsider, but no order granting or denying his second motion appears in the record. This appeal followed.

## II. ANALYSIS

By his sole issue, Dang contends that the sentenced imposed on him by the trial court is disproportionate to the crime committed. The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment, including sentences that are disproportionate to the crime committed. *Solem v. Helm*, 463 U.S. 277, 284 (1983); *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016) (applying an Eighth Amendment disproportionality claim to state-law convictions); s*ee* U.S. CONST. amend VIII; *see also State v. Hernandez*, No. 13-19-00245-CR, 2020 WL 2487567, at *4 (Tex. App.—Corpus Christi–Edinburg May 14, 2020, no pet.) (mem. op., not designated for publication). A successful challenge to proportionality is exceedingly rare and requires the sentence be "grossly disproportionate" to the crime. *Simpson*, 488 S.W.3d at 323

4

(citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)).

To preserve a complaint that a sentence is disproportionate to the offense committed, a defendant must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd); *see* TEX. R. APP. P. 33.1(a); *see also Collins v. State*, No. 13-20-00144-CR, 2022 WL 400825, at *7 (Tex. App.—Corpus Christi–Edinburg Feb. 10, 2022, pet. ref'd) (mem. op., not designated for publication) (concluding appellant's grossly disproportionate claim was not preserved for review where issue of disproportionate sentencing was not raised in appellant's motion for new trial). "Even constitutional claims can be waived by failure to object." *Trevino*, 174 S.W.3d at 927 (citing *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986)).

As the State points out in its brief, Dang did not object on any grounds to the sentence when it was imposed, nor did he file a motion for new trial arguing the sentence was disproportionate. *See id*.; *see also Collins*, 2022 WL 400825, at *7. Accordingly, by failing to make a timely objection or motion asserting the punishment qualified as disproportionate, Dang failed to preserve any error for appeal. *See* TEX. R. APP. P. 33.1(a); *Trevino*, 174 S.W.3d at 927. Dang's sole issue is overruled.[2]

### III. JUDGMENT MODIFICATION

During our independent review of the record, we observed a clerical error in the judgment, which sets forth that Dang was found guilty and convicted under Texas Penal

---

[2] We note that under *Solem* and its progeny, a two-year sentence for aggravated assault with a deadly weapon against a family member would not likely be found to be disproportionate. *See Solem v. Helm*, 463 U.S. 277, 284 (1983); *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016); *see also* TEX. PENAL CODE ANN. § 12.33(a) (setting the minimum punishment for second-degree felonies to two years' confinement).

Code § 22.02(b)(1). However, pursuant to the plea agreement, the finding of serious bodily injury, an element of § 22.02(b)(1), was expressly abandoned. *See* TEX. PENAL CODE ANN. § 22.02(b)(1). Rather, Dang was convicted under § 22.02(a)(2): "us[ing] or exhibit[ing] a deadly weapon during the commission of the assault." *See id.* § 22.02(a)(2).

We may modify incorrect judgments to make the record "speak the truth" when we have the necessary information, and we may do so on our own motion. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). We have the power to modify whatever the trial court could have corrected by a judgment nunc pro tunc when the information necessary to correct the judgment appears in the record. *Ette v. State*, 551 S.W.3d 783, 792 (Tex. App.—Fort Worth 2017), *aff'd*, 559 S.W.3d 511 (Tex. Crim. App. 2018). We conclude that the necessary information to correct the judgment appears in the record. *See id.* Therefore, we modify the trial court's judgment to reflect that Dang was convicted under Texas Penal Code § 22.02(a)(2).

**IV.    CONCLUSION**

We affirm the trial court's judgment as modified.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
4th day of August, 2022.

6