

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00290-CR

_____

MICHAEL ANTHONY CORTEZ, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13971

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

Appellant Michael Anthony Cortez pleaded guilty to sexual assault of a child and received ten years of deferred adjudication community supervision and a $1,500 fine. The State later filed a petition to adjudicate guilt. Cortez pleaded true to the allegations contained in the petition. After a hearing, the trial court assessed a sentence of eighteen years in prison. Cortez appeals his conviction.

After reviewing the record and concluding that no arguable grounds for appeal exist, Cortez's court-appointed appellate counsel filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders*; counsel has presented a professional evaluation of the entire record demonstrating why there are no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400. We have independently examined the record, as is our duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Cortez has not filed a response on his own behalf. The State also declined to file a response.

After carefully reviewing the record and counsel's brief, with the exception of a minor correction to the trial court's judgment, we agree with counsel that this appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing further that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d

824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

The trial court's judgment does, however, require modification regarding court costs. The bill of costs shows that the $200.82 remaining is from the original $1,500 fine that was assessed at deferred adjudication. The judgment adjudicating guilt assesses $200.82 as "court costs," and notes that the trial court assessed a fine of $1,500 at deferred adjudication. However, no fine was pronounced at the adjudication of guilt. *See Ette v. State*, 559 S.W.3d 511, 513, 515 (Tex. Crim. App. 2018) (stating general rule that fines must be orally pronounced in the defendant's presence); *Taylor v. State*, 131 S.W.3d 497, 500, 502 (Tex. Crim. App. 2004) (stating that when deferred-adjudication community supervision is revoked and guilt adjudicated, the order adjudicating guilt sets aside the deferred-adjudication order, including any previously imposed fine). Accordingly, we delete the $200.82 cost from the judgment, order to withdraw funds, and bill of costs.

We grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 29, 2023

3