

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00340-CR

ROLANDO D. BECKS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 443rd District Court
Ellis County, Texas[1]
Trial Court No. 46772CR, Honorable Cynthia Ermatinger, Presiding

July 24, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

A jury convicted Appellant, Rolando D. Becks, of sexual assault,[2] a second-degree felony, and assessed twenty years' imprisonment for the offense. In its written judgment, the trial court ordered that the sentence run consecutively with another sentence.[3] Appellant filed this appeal contending that the cumulation order was not pronounced in

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals pursuant to a docket equalization order of the Supreme Court of Texas. TEX. GOV'T CODE ANN. § 73.001.

[2] See TEX. PENAL CODE ANN. § 22.011(a)(1).

[3] The record indicates that the other sentence was imposed in trial court Cause No. 46643CR.

his presence[4] and should be deleted from the judgment. In its brief, the State conceded the issue. The trial court subsequently entered a *Nunc Pro Tunc Judgment of Conviction by Jury* on July 1, 2024, reflecting that Appellant's twenty-year sentence is to run concurrently with the other sentence. The State contends that the appeal is now moot and should be dismissed.

Appellant filed his notice of appeal on September 14, 2023. The clerk's record was filed in this Court on December 8, 2023, and the reporter's record was filed on January 5, 2024. Thus, the trial court's July 1, 2024 judgment nunc pro tunc was entered after the record had been filed in this Court and while Appellant's appeal was pending. At that time, the trial court lacked jurisdiction to enter the judgment nunc pro tunc. *See* TEX. R. APP. P. 23.1 (trial court has authority to correct clerical mistakes or errors in judgment through entry of nunc pro tunc so long as defendant has not appealed); TEX. R. APP. P. 25.2(g) (except as provided otherwise by law, once appellate record is filed in court of appeals, proceedings in trial court are suspended); *see also Harrison v. State*, No. 06-11-00175-CR, 2012 Tex. App. LEXIS, at *8 (Tex. App.—Texarkana May 18, 2012, pet. ref'd) (trial court may not render judgment nunc pro tunc after appellate record is filed in court of appeals) (citing TEX. R. APP. P. 25.2(g); *Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995)).

However, this Court can modify the trial court's judgment. TEX. R. APP. P. 43.2(b). "The Texas Rules of Appellate Procedure give us authority to reform judgments and correct typographical errors to make the record speak the truth." *Torres v. State*, No. 07-

---

[4] When it orally pronounced judgment, the trial court ordered, "Your sentence on this case starts today."

13-00179-CR, 2014 Tex. App. LEXIS 2664, at *4–5 (Tex. App.—Amarillo Mar. 7, 2014, no pet.) (mem. op., not designated for publication) (citing TEX. R. APP. P. 43.2 and *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (en banc)). An appellate court may reform a judgment that has errors in sentencing if the trial court improperly stacked the sentences. *Morris v. State*, 301 S.W.3d 281, 295 (Tex. Crim. App. 2009).

The record clearly shows that the written judgment includes a cumulation order which had not been orally pronounced to Appellant at sentencing. If a trial judge chooses to "stack" a defendant's sentences so that they run consecutively, she "must make such an order at the time and place that sentence is orally pronounced." *Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002). Moreover, oral pronouncements generally control when they conflict with the written judgment. *Ette v. State*, 559 S.W.3d 511, 516–17 (Tex. Crim. App. 2018).

Because the July 1 judgment nunc pro tunc is void, and because the trial court erred in entering a judgment stating Appellant's sentence was to run consecutively with another, we sustain Appellant's first issue on appeal. Given our resolution of Appellant's first issue, we need not consider his second issue. TEX. R. APP. P. 47.1.

We modify the judgment of the trial court to delete the cumulation order and to reflect that the sentence in this case shall run concurrently with the sentence in Cause No. 46643CR. As modified, we affirm the judgment of the trial court.


Judy C. Parker
Justice

Do not publish.

3