

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00006-CR
No. 02-24-00007-CR

_____

ANDREW MICHAEL WHITT, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court Nos. 1675587, 1676866

---

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

After pleading guilty without the benefit of a plea bargain, appellant Andrew Michael Whitt was convicted in trial-court cause number 1675587 of three counts of third-degree-felony possession of child pornography and in trial-court cause number 1676866 of four counts of sexual assault of a child and three counts of indecency with a child. After receiving a presentence investigation report and hearing evidence, the trial court assessed Whitt's punishment at eight years' confinement for each of the possession counts and fifteen years' confinement for each of the remaining counts. The trial court sentenced Whitt accordingly. On appeal, Whitt challenges parts of only two of the judgments.

In his first issue, Whitt contends that the trial court unlawfully assessed duplicate costs because although all of the cases were tried together, the count-one judgments in each trial-court cause number imposed $290 in court costs and reimbursement fees of $10.[1] The State agrees and so do we. "In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." Tex. Code Crim. Proc. Ann. art. 102.073(a); *Johnson v. State*, Nos. 02-23-00090-CR, 02-23-00091-CR, 02-23-00092-CR, 02-23-00093-CR, 2024 WL

---

[1]Whitt does not challenge the evidence supporting a single imposition of $290 in court costs or a single $10 reimbursement fee.

1318238, at *3 (Tex. App.—Fort Worth Mar. 28, 2024, pet. ref'd) (mem. op., not designated for publication). We therefore sustain Whitt's first issue.

In his second issue, Whitt challenges the $100 fine assessed in the count-one judgment for each trial court cause number because the trial court did not orally pronounce a fine at trial. Again, the State concedes and we agree. The fines should not have been included in the count-one judgments. *See Anastassov v. State*, 664 S.W.3d 815, 820 (Tex. Crim. App. 2022); *Ette v. State*, 559 S.W.3d 511, 513 (Tex. Crim. App. 2018). We therefore sustain Whitt's second issue.

Having sustained Whitt's two issues, we modify the trial court's judgments as follows: (1) we vacate the $100 fine in the count-one judgment in trial court cause number 1675587 and in the count-one judgment in trial court cause number 1676866, and (2) we vacate the $290 costs and $10 reimbursement fee in the count-one judgment for trial court cause number 1675587. *See* Tex. Code Crim. Proc. Ann. art. 102.073(b) ("In a criminal action described by Subsection (a), each court cost or fee . . . must be assessed using the highest category of offense that is possible based on the defendant's convictions."); *Santoro v. State*, Nos. 02-18-00039-CR, 02-18-00040-CR, 2018 WL 3153564, at *2 (Tex. App.—Fort Worth June 28, 2018, no pet.) (mem. op., not designated for publication). As modified, we affirm those two judgments.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

3

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 8, 2024