

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00288-CR

_____

JASON MORRIS WOMACK, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR20-0883

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

Pursuant to a plea bargain, Appellant Jason Morris Womack pleaded guilty to possessing less than one gram of a controlled substance, namely methamphetamine, and pleaded true to certain enhancement allegations that elevated the punishment range for his offense to that of a third-degree felony. *See* Tex. Health & Safety Code Ann. § 481.115(a), (b); *see also* Tex. Penal Code Ann. § 12.425(a). The trial court deferred finding him guilty of the offense and placed him on five years' deferred-adjudication community supervision beginning in August 2022. In October 2023, Womack pleaded true to violating his community-supervision conditions and was given additional conditions. But in January 2025, the State filed a Petition to Proceed to Adjudication, alleging that Womack had committed five additional violations of his community-supervision conditions. The trial court held a hearing, found that Womack had violated the terms of his community supervision, and sentenced him to nine years in prison. *See* Tex. Penal Code Ann. § 12.34 (setting forth punishment range for third-degree felony). Womack timely filed a notice of appeal.

After determining that Womack's appeal was frivolous, his court-appointed appellate attorney filed a motion to withdraw as counsel and, in support of that motion, a brief. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's motion and brief meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.* at 744, 87 S. Ct. at 1400. Additionally, in compliance with

*Kelly v. State*, Womack's counsel has certified that he provided Womack with copies of the brief and the motion to withdraw, that he informed Womack of his right to file a pro se response, and that he mailed Womack a complete copy of the entire record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court likewise mailed Womack a notice advising him that he had the opportunity to file a pro se response to the *Anders* brief, but he did not do so.

The State declined to file a brief and instead filed a letter in which it agreed with Womack's appointed counsel that the appeal is frivolous. However, the State pointed out in its letter that the judgment, bill of costs, and order to withdraw funds contain nonreversible error. Each recites that Womack owes restitution of $180, but the record reflects that he paid off his restitution obligation prior to the adjudication of his guilt. The State asks us to modify the judgment, bill of costs, and order to withdraw funds to reflect this payment. We may correct and modify the judgment of a trial court to make the record speak the truth when we have the necessary data and information to do so. *See Ette v. State*, 551 S.W.3d 783, 792 (Tex. App.—Fort Worth 2017), *aff'd*, 559 S.W.3d 511 (Tex. Crim. App. 2018); *see also Ray v. State*, No. 05-17-00820, 2018 WL 1149421, at *2 (Tex. App.—Dallas Mar. 5, 2018, no pet.) (mem. op., not designated for publication) (modifying judgment in *Anders* appeal). The record supports the requested modification. Accordingly, we modify the judgment, bill of costs, and order to withdraw funds to reflect that Womack has paid his $180 restitution obligation. *See* Tex. R. App. P. 43.2(b).

We have carefully reviewed the record and counsel's brief and have determined that this appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We therefore grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 15, 2026