

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00266-CR
No. 02-25-00267-CR
No. 02-25-00268-CR
No. 02-25-00269-CR
No. 02-25-00270-CR
No. 02-25-00271-CR
No. 02-25-00272-CR
No. 02-25-00273-CR
No. 02-25-00274-CR
No. 02-25-00275-CR
No. 02-25-00276-CR

_____

DAVID HOBBS RAY, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 78th District Court
Wichita County, Texas

Trial Court Nos.   DC78-CR2023-1464-1, DC78-CR2023-1464-2,

DC78-CR2023-1464-3, DC78-CR2023-1464-4,

DC78-CR2023-1464-5, DC78-CR2023-1464-6,

DC78-CR2023-1464-7, DC78-CR2023-1464-8,

DC78-CR2023-1464-9, DC78-CR2023-1464-10,

DC78-CR2023-1464-11

---

Before Birdwell, Bassel, and Walker
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Appellant David Hobbs Ray pleaded guilty, without the benefit of a plea bargain, to possessing eleven separate images of child pornography. *See* Tex. Penal Code Ann. § 43.26. The trial court held a unitary hearing on guilt-innocence and punishment, at which Ray's signed judicial confessions to each offense were admitted into evidence. The trial court found Ray guilty and, after hearing evidence, assessed his punishment at ten years' confinement for Counts Three and Eight and five years' confinement for each of the remaining counts. The trial court also ordered that the Counts One and Three judgments be served consecutively and that the remaining judgments be served concurrently. Ray timely filed a notice of appeal from all eleven judgments.

After concluding that Ray's appeals are frivolous, his court-appointed appellate attorney filed a motion to withdraw as counsel and, in support of that motion, a brief. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's motion and brief meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.* at 744, 87 S. Ct. at 1400. Additionally, in compliance with *Kelly v. State*, Ray's counsel has provided Ray with copies of the brief, motion to withdraw, and record and informed Ray of his right to file a pro se response and to seek further review if we affirm the judgments. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court

likewise mailed Ray a letter advising him that he had the opportunity to file a pro se response to the *Anders* brief, but he did not do so.

The State declined to file a brief and instead filed a letter in which it agreed with Ray's appointed counsel that the appeals are frivolous. However, the State pointed out in its letter that the Count Ten judgment might need to be modified because it shows the sentence of confinement as ten years instead of the five years the trial court orally pronounced.

We have carefully reviewed the record and counsel's brief and have determined that—other than the judgment error pointed out by the State—these appeals are wholly frivolous and without merit. We find nothing in the record that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

We may correct and modify the judgment of a trial court to make the record speak the truth when we have the necessary data and information to do so. *See Ette v. State*, 551 S.W.3d 783, 792 (Tex. App.—Fort Worth 2017), *aff'd*, 559 S.W.3d 511 (Tex. Crim. App. 2018); *see also Ray v. State*, No. 05-17-00820, 2018 WL 1149421, at *2 (Tex. App.—Dallas Mar. 5, 2018, no pet.) (mem. op., not designated for publication) (modifying judgment in *Anders* appeal). Because the trial court's oral pronouncement controls, we modify the Count Ten judgment to read that the sentence is "FIVE (5) YEARS TDCJ, CORRECTIONAL INSTITUTIONS DIVISION." *See* Tex. R. App. P. 43.2(b).

4

We grant counsel's motion to withdraw[1] and affirm the trial court's Counts One through Nine and Eleven judgments as-is and the Count Ten judgment as modified.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 12, 2026

---

[1]The trial court appointed the Wichita County Public Defender to represent Ray on appeal. Although Ethan Longoria filed the *Anders* brief and motion to withdraw on behalf of that office, we granted a motion to substitute David Bost as Ray's counsel after Longoria left the office's employment.