

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00133-CR

———————————————

KEDARIUS KENTRELL JEFFERSON, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1465463D

Before Birdwell, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

In 2018, Appellant Kedarius Kentrell Jefferson made an open plea of guilty to engaging in organized crime with the predicate offense of aggravated robbery and received ten years of deferred-adjudication community supervision. In 2021, the trial court adjudicated him guilty of aggravated robbery (a lesser-included offense) and orally sentenced him to twelve years' confinement; in the judgment, the trial court added $3,128 in reparations, in addition to an $839 fine and $314 in court costs. The trial court gave Jefferson credit in the judgment's special findings for time served with regard to the fine and court costs, *see* Tex. Code Crim. Proc. Ann. arts. 42.03, 43.09, and the order to withdraw funds reflects only the $3,128 in reparations.

Jefferson's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*,[1] representing that his "careful, conscientious, and professional review of the record" shows no "legitimate grounds for direct appellate review." Counsel asks, as a separate procedural matter, that we reform the judgment adjudicating Jefferson's guilt to accurately reflect that Jefferson pleaded "not true" to the allegations in the State's petition to proceed to adjudication.

Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig.

---

[1]386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).

proceeding). Jefferson filed a variety of pro se responses to the *Anders* brief, but his responses do not reveal any legitimate grounds for direct appeal; the State did not file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. Except for minor corrections to the trial court's judgment and order to withdraw funds addressed below, we agree with counsel that the appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

As noted by counsel and as reflected in the record, Jefferson pleaded "not true" to the allegations in the State's petition to proceed to adjudication. Accordingly, we correct the trial court's judgment to reflect the record. *See Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.) (en banc); *see also Van Flowers v. State*, 629 S.W.3d 707, 711 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (noting that consistent with its authority to modify a judgment to include or delete an affirmative finding, a court of appeals can modify judgments to correct errors with respect to court costs and

fees, fines, and conflicts between the trial court's oral pronouncement and the written judgment, among other things).

Further, the trial court did not orally pronounce at sentencing the $839 fine that it included in the judgment and then gave credit for time served. With an exception not applicable here, sentences, including fines, must be orally pronounced in a defendant's presence. *Ette v. State*, 559 S.W.3d 511, 513, 515 (Tex. Crim. App. 2018). Because the trial court did not pronounce the $839 fine, we delete it from the judgment. *See Garza v. State*, No. 02-20-00155-CR, 2022 WL 488933, at *2 (Tex. App.—Fort Worth Feb. 17, 2022, no pet.) (mem. op., not designated for publication).

Additionally, even though the trial court gave Jefferson credit for time served as to the $314 in court costs, *see* Tex. Code Crim. Proc. Ann. arts. 42.03, 43.09, we correct the bill of costs to delete the premature $25 time-payment fee. *See Dulin v. State*, 620 S.W.3d 129, 129, 133 (Tex. Crim. App. 2021) (holding that a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for purposes of the time-payment fee). We likewise delete the $45 charge for "CVCF" from the bill of costs because it duplicates a fee already included in the $133 consolidated felony-conviction court costs in effect at the time of Jefferson's offense. *See Aviles-Barroso v. State*, 477 S.W.3d 363, 398 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (sustaining CVCF complaint because it could not be individually charged against the defendant when it was already included in then-Local Government Code Section 133.102's consolidated court costs). Jefferson's actual court costs were $244

4

before the trial court gave him credit for time served, and we reform the judgment and bill of costs to reflect this.

The trial court also assessed $3,128 in reparations. However, the $633 pretrial-supervision fee in the community supervision department's "Revocation Restitution/Reparation Balance Sheet" included in the record is not supported by Jefferson's community-supervision conditions, which ordered him to pay pretrial supervision fees in the amount of $393. None of the subsequent amendments to his community-supervision conditions increased this amount. Accordingly, we reform the reparations amount in the judgment to delete the unsupported $240, and we correct the judgment and order to withdraw to reflect the new reparations amount of $2,888.

We grant counsel's motion to withdraw, reform the trial court's judgment adjudicating guilt to reflect that Jefferson pleaded "not true" to the State's allegations, deduct the $839 fine from the judgment, delete the $25 time-payment fee and $45 "CVCF" fee from the amount of court costs listed in the judgment and bill of costs, and delete the unsupported $240 pretrial-supervision amount from the reparations listed in the judgment and order to withdraw. We affirm the trial court's judgment as modified.[2] Any motions pending on the date of this opinion are denied.

---

[2]If Jefferson wishes to pursue further review of his case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or file a pro se petition for discretionary review. *See Khondoker v. State*, Nos. 02-14-00461-CR, 02-14-00462-CR, 02-14-00463-CR, 2015 WL 5634244, at *2 (Tex. App.—Fort Worth Sept. 24, 2015, no pet.) (mem. op., not designated for publication). Any petition for discretionary review must be filed within thirty days after

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 30, 2023

---

the date of this court's judgment or the date the last timely motion for rehearing or timely motion for en banc reconsideration is overruled by this court. *See* Tex. R. App. P. 68.2. Additionally, any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals and should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 68.3(a), 68.4.