

# NUMBERS 13-22-00621-CR, 13-22-00622-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RAYMOND ELENO RODRIGUEZ JR.
A/K/A GREEN EYES,                                                  Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

On appeal from the 105th District Court
of Kleberg County, Texas.

# MEMORANDUM OPINION

Before Justices Tijerina, Silva, and Peña
Memorandum Opinion by Justice Peña

Appellant Raymond Eleno Rodriguez Jr. a/k/a Green Eyes appeals two judgments

revoking his community supervision and adjudicating him guilty of five felony offenses,[1] each enhanced for punishment by Rodriguez's multiple prior felony convictions. *See* Tex. Penal Code Ann. § 12.42(d). The trial court sentenced Rodriguez to five concurrent thirty-year prison terms. In both appeals, Rodriguez argues his sentences are grossly disproportionate to the seriousness of the offenses in violation of the Eighth Amendment's proscription of cruel and unusual punishment. *See* U.S. Const. amend VIII. In appellate cause number 13-22-00621-CR, we affirm as modified. In appellate cause number 13-22-00622-CR, we affirm.

## I.    Cruel & Unusual Punishment

### A.    Standard of Review & Applicable Law

The Eighth Amendment—made applicable to the states through the Fourteenth Amendment—prohibits the imposition of cruel and unusual punishments, which includes extreme sentences that are grossly disproportionate to the crime. *Graham v. Florida*, 560 U.S. 48, 58–60 (2010); *see* U.S. Const. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); *id.* amend. XIV. An allegation of excessive or disproportionate punishment is a legal claim based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). A successful

---

[1] In appellate cause number 13-22-00621-CR, Rodriguez appeals his convictions for aggravated assault with a deadly weapon, aggravated assault of a public servant, possession of a controlled substance in penalty group one in an amount of one gram or more but less than four grams, and tampering with evidence. *See* Tex. Penal Code Ann. §§ 22.02(a)(2), (b)(2), 37.09; Tex. Health & Safety Code Ann. § 481.115(c). In appellate cause number 13-22-00622-CR, Rodriguez appeals a conviction for aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02(a)(2).

challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Id.* at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)). To determine whether a sentence is grossly disproportionate, "a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses." *Id.* at 323 (citing *Graham*, 560 U.S. at 60). "In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.* "If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual." *Id.*

"Only twice has the Supreme Court held that a non-capital sentence imposed on an adult was constitutionally disproportionate." *Id.* (first citing *Solem v. Helm*, 463 U.S. 277 (1983) (holding that life imprisonment without parole was a grossly disproportionate sentence for the crime of uttering a no-account check for $100); and then citing *Weems v. United States*, 217 U.S. 349 (1910) (holding that fifteen years punishment in a prison camp was grossly disproportionate to the crime of falsifying a public record)). A trial court's discretion to assess punishment within the statutory range is essentially unfettered. *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual. *See Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd). Rodriguez was convicted of five felony offenses that were each enhanced for

3

punishment pursuant to § 12.42(d) of the penal code, which provides:

> if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

TEX. PENAL CODE ANN. § 12.42(d). "Under this statute, sentence is imposed to reflect the seriousness of [a defendant's] most recent offense, not as it stands alone, but in light of prior offenses." *Winchester v. State*, 246 S.W.3d 386, 390 (Tex. App.—Amarillo 2008, pet. ref'd) (citing *Rummel v. Estelle*, 445 U.S. 263, 276 (1980) (holding that a life sentence under Texas's recidivist statute was not cruel and unusual)).

## B.     Preservation

"[We] may not *reverse* a judgment of conviction without first addressing any issue of error preservation." *Darcy v. State*, 488 S.W.3d 325, 327–28 (Tex. Crim. App. 2016) (first citing *Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012); and then citing *Meadoux v. State*, 325 S.W.3d 189, 193 n.5 (Tex. Crim. App. 2010)). To preserve a complaint that a sentence constitutes cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.) (holding that to preserve a disproportionate-sentencing complaint, the defendant must make a timely, specific objection in the trial court or raise the issue in a motion for new trial); *Toledo v. State*, 519 S.W.3d 273, 284 (Tex. App.—Houston [1st

Dist.] 2017, pet. ref'd) (same).

**C.    Analysis**

Rodriguez did not object in the trial court that his sentence was disproportionate to the charged offenses or unconstitutional in any manner. Furthermore, the thirty-year sentences falls within the lower end of the statutory punishment range for felony offenses enhanced under the habitual felony offender statute. *See* TEX. PENAL CODE ANN. § 12.42(d) (life, or a term of twenty-five to ninety-nine years). Accordingly, we hold that Rodriguez failed to preserve this complaint for our review. *See Trevino*, 174 S.W.3d at 927–28 ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."); *see also Winchester*, 246 S.W.3d at 391 (holding that consecutive life sentences for a habitual felony offender was not cruel and unusual punishment).

Even if we were to address Rodriguez's Eighth Amendment claim and assume a threshold inference of disproportionality, he presented no evidence in the trial court, and presents no argument on appeal, "compar[ing] [his] sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Simpson*, 488 S.W.3d at 323. Absent this comparative analysis, we are unable to conclude that the sentences are grossly disproportionate. *See id.*; *see also Esquivel v. State*, No. 13-21-00179-CR, 2022 WL 17492274, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 8, 2022, pet. ref'd) (mem. op., not designated for publication) (rejecting Eighth Amendment challenge where appellant offered no

comparative evidence of sentences received by other offenders). We overrule Rodriguez's sole issue in each appellate cause.

## II.    MODIFICATION

In appellate cause number 13-22-00621-CR, Rodriguez pleaded guilty to possession of a controlled substance in penalty group *one* in an amount of one gram or more but less than four grams, which is a violation of Texas Health and Safety Code § 481.115(c). *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c). Yet the trial court's judgment reflects a conviction under Texas Health and Safety Code § 481.116 which governs possession of controlled substances in penalty group *two*. *See id.* § 481.116.

We may modify incorrect judgments to make the record "speak the truth" when we have the necessary information, and we may do so on our own motion. *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd); *see* TEX. R. APP. P. 43.2(b). We have the power to modify whatever the trial court could have corrected by a judgment nunc pro tunc when the information necessary to correct the judgment appears in the record. *Ette v. State*, 551 S.W.3d 783, 792 (Tex. App.—Fort Worth 2017), *aff'd*, 559 S.W.3d 511 (Tex. Crim. App. 2018). We conclude that the necessary information appears in the record. *See id*. Therefore, we modify the trial court's judgment in appellate cause number 13-22-00621–CR to reflect a conviction under Texas Health and Safety Code

§ 481.115(c).

### III.  CONCLUSION

We affirm as modified the trial court's judgment in appellate cause number 13-22-00621-CR. We affirm the trial court's judgment in appellate cause number 13-22-00622-CR.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
29th day of June, 2023.