

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00225-CR

———————————————

JORGE OCHOA, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1407817

---

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Jorge Ochoa pleaded guilty to assault-bodily injury (family violence), a third-degree felony, in exchange for 5 years of deferred adjudication community supervision and a $500 fine. *See* Tex. Penal Code Ann. §§ 12.34, 22.01(a), (b)(2). After two community-supervision extensions, the State moved to proceed to adjudication on three grounds, one of which it waived at the adjudication hearing. Ochoa pleaded true to the remaining grounds. *See Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015) ("A plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt."). The trial court adjudicated him guilty and sentenced him to 4 years' confinement. The trial court did not orally pronounce a fine but included a $24 fine in the judgment.

Ochoa's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*,[1] representing that "[t]he record in this case reveal[s] no ground that could be argued non-frivolously on appeal." Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). We gave Ochoa the opportunity to file a pro se response, but he has not done so. The State did not

---

[1]386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).

file a brief but noted in a letter that it agreed with counsel that there were no meritorious grounds for appeal.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. Except for our corrections to the judgment and bill of costs addressed below, we agree with counsel that the appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

In the trial court's judgment adjudicating guilt, the trial court assessed a $24 fine but gave Ochoa credit for time served to account for it. The $24 fine should not have been included in the judgment because it was not pronounced at sentencing. *See Anastassov v. State*, 664 S.W.3d 815, 820 (Tex. Crim. App. 2022) (stating that a fine is punitive in nature and is part of a defendant's sentence); *Ette v. State*, 559 S.W.3d 511, 513 (Tex. Crim. App. 2018) (stating that—with a jury-verdict exception not applicable here—sentences, including fines, must be orally pronounced in a defendant's presence, and, as a matter of due process and fair notice, the sentence

3

orally pronounced by the trial judge controls if it differs from the sentence detailed in the written judgment). We delete the $24 fine from the judgment.

The trial court's judgment also gives Ochoa credit for time served for $314 in court costs and $550 reimbursement for attorney's fees. *See* Tex. Code Crim. Proc. Ann. art. 43.09. The bill of costs, however, reflects that Ochoa owes these amounts. We correct the bill of costs to delete these amounts so that the bill of costs matches the judgment. *See Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.).

With the modifications set out above, we affirm the trial court's judgment and grant counsel's motion to withdraw.[2]

---

[2]If Ochoa wishes to pursue further review of his case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or file a pro se petition for discretionary review. *Khondoker v. State*, Nos. 02-14-00461-CR, 02-14-00462-CR, 02-14-00463-CR, 2015 WL 5634244, at *2 (Tex. App.—Fort Worth Sept. 24, 2015, no pet.) (mem. op., not designated for publication). Any petition for discretionary review must be filed within 30 days after the date of this court's judgment or the date the last timely motion for rehearing, or timely motion for en banc reconsideration, is overruled by this court. Tex. R. App. P. 68.2. Additionally, any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals and should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. Tex. R. App. P. 68.3(a), 68.4.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 25, 2024