

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00003-CR
_____

JULIAN ELIJAH RAMIREZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 52947-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

In Gregg County, Julian Elijah Ramirez pled guilty to unauthorized use of a vehicle. *See* TEX. PENAL CODE ANN. § 31.07. Pursuant to a plea agreement, the trial court deferred a finding of guilt, placed Ramirez on community supervision for three years, and assessed a fine. The State moved to adjudicate Ramirez's guilt for this offense on the ground that he violated the terms and conditions of his community supervision. After the trial court found the State's allegations true, it revoked Ramirez's community supervision, found him guilty of the offense charged, and sentenced him to twenty months' confinement. In the written judgment, the trial court also assessed a fine.

On appeal, Ramirez raises three points of error: (1) the judgment improperly included a fine that was not included in the court's oral pronouncement of sentence, (2) the evidence was insufficient to support the trial court's assessment of court-appointed attorney fees, and (3) the trial court prematurely assessed a time payment fee. We find that the fine imposed was improper and should be deleted. We also find that, while Ramirez waived his objection to a portion of the assessed attorney fees, the evidence is insufficient to support all of the assessed attorney fees, and the amount of assessed attorney fees should be modified accordingly. Finally, we find that the time payment fee was improperly assessed in the bill of costs and that it should be deleted. As modified, we affirm the trial court's judgment.

I.      **Fine Imposed in the Judgment Adjudicating Guilt Is Deleted**

At the conclusion of the adjudication hearing in this case, the trial court announced it was adjudicating Ramirez guilty of the offense charged, and the trial court sentenced Ramirez to

twenty months' confinement in state jail. The trial court did not orally pronounce a fine.[1] Despite the fact no fine was pronounced, a fine of $1,527.77[2] is included in the judgment adjudicating guilt.

Because the oral pronouncement and the written judgment are in conflict, the oral pronouncement controls, and the fine must be deleted. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998); *see also Ette v. State*, 559 S.W.3d 511, 516–17 (Tex. Crim. App. 2018). The State does not dispute that the fine should be deleted from the judgment.[3] As a result, we delete the fine of $1,527.77 from the judgment, and we also delete the fine of $1,500.00 from the bill of costs.

## II.    Court-Appointed Attorney Fees Are Modified

In the adjudication judgment, the trial court ordered Ramirez to pay reimbursement fees of $1,487.50. That amount includes $722.50 in attorney fees for the deferred adjudication and $765.00 in attorney fees for the adjudication of guilt. Ramirez claims the evidence is insufficient to support the attorney fees. We find that, while any objection to the $722.50 was waived, there

---

[1]The trial court stated as follows:

> I'm going to order - - I'm going to adjudicate you guilty of this offense. I will assess your punishment at 20 months confinement in the state jail. I will also make a finding that you are not presumptively entitled to diligent participation credit, and I'm going to make a finding that drugs or alcohol significantly contributed to the commission of this offense.

[2]The parties refer to this as a "$1,500.00" fine. The judgment lists this as a $1,527.77 fine, while the bill of costs lists this as a $1,500.00 fine.

[3]This fine should be deleted even though a fine was imposed in the order of deferred adjudication. When the trial court adjudicated Ramirez guilty, the order of deferred adjudication was set aside, "including the previously imposed fine." *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). As the Texas Court of Criminal Appeals held in *Taylor*, "[s]ince the judge did not orally assess a fine as part of Taylor's sentence when guilt was adjudicated, the Court of Appeals was correct to delete the fine from the judgment." *Id.* Consequently, the fine included in the order of deferred adjudication should not be carried forward to the adjudication judgment.

is insufficient evidence to support the reimbursement of $765.00. Thus, we find the assessment of attorney fees must be modified.

We will address the $722.50 and $765.00 fees separately. First, the trial court ordered Ramirez to pay $722.50 in attorney fees for his counsel's representation of him at the time the trial court entered a deferred adjudication order. Because those fees were listed in that order, Ramirez had knowledge of those attorney fees, and Ramirez was required to challenge the sufficiency of the evidence supporting the payment of them in a direct appeal from the original order of deferred adjudication. *See Riles v. State*, 452 S.W.3d 333, 338 (Tex. Crim. App. 2015) (holding that, "[b]ecause of Appellant's knowledge of the issue of the attorney fee and her failure to appeal it from the original imposition of her deferred adjudication, she procedurally defaulted the issue and cannot now revive it"). Ramirez did not directly appeal the order of deferred adjudication and challenge those fees. As a result, Ramirez has waived any objection to those fees.

Second, the trial court ordered Ramirez to pay $765.00 in attorney fees for his counsel's representation of him at the time the trial court entered the adjudication judgment. That amount was included despite the fact Ramirez was found to be indigent at the beginning of those proceedings with no reported source of income and he was appointed counsel. Under such circumstances, a "defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.). When "there is a material change in financial circumstances after a determination of

4

indigency or nonindigency is made, the defendant, defendant's counsel, or the attorney representing the state may move for reconsideration of the determination." *Id.*

Here, after the initial determination of indigency, no party moved for reconsideration of Ramirez's financial condition. Instead, the trial court assessed attorney fees in the adjudication judgment without finding a "material change in financial circumstances."[4] Absent such a reconsideration, Ramirez is presumed to still be indigent under Article 26.04(p). Consequently, we delete the assessment of $765.00 in attorney fees from the judgment and the bill of costs, and we modify the judgment by reducing the "<u>Reimbursement Fees</u>" from $1,487.50 to $722.50.

## III.     Time Payment Fee Is Deleted

Ramirez claims the time payment fee in the bill of costs should be deleted because it is premature. The time payment fee included in the bill of costs is $15.00. The State does not dispute that this cost should be deleted from the bill of costs. We find that the time payment fee of $15.00 was prematurely assessed. *See Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021) (recognizing such a time payment fee was prematurely assessed). Thus, we delete the $15.00 time payment fee from the bill of costs.

---

[4]The closest finding to a "material change in financial circumstances" was in the judgment wherein the trial court stated the following: "After having conducted an inquiry into Defendant's ability to pay, the Court ORDERS Defendant to pay the fines, court costs, reimbursement fees, and restitution as indicated above." Such a statement is not a finding of a "material change in financial circumstances" required by Article 26.04(p). *See Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013) (recognizing once there is a finding of indigency, there must then be a "finding by the court that he was able to re-pay any amount of the costs of court-appointed legal counsel"); *see also Martin v. State*, 405 S.W.3d 944, 947 (Tex. App.—Texarkana 2013, no pet.) (recognizing "[h]ere, Martin was found indigent. Because the record does not thereafter demonstrate that the trial court found a material change in Martin's financial circumstances, attorney's fees may not be assessed against her.").

**IV. Disposition**

We modify the trial court's judgment by deleting the fine of $1,527.77 and deleting the assessment of $765.00 in attorney fees, thereby reducing the "Reimbursement Fees" from $1,487.50 to $722.50. We modify the trial court's bill of costs by deleting the fine of $1,500.00, deleting the assessment of $765.00 in attorney fees, deleting the $15.00 time payment fee, and changing the "Total Costs" from $3,292.50 to $1,012.50. As modified, we affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted: May 10, 2024
Date Decided: May 16, 2024

Do Not Publish