

NUMBER 13-24-00273-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG

MIGUEL LIMON JR.,                                     **Appellant,**

**v.**

THE STATE OF TEXAS,                                   **Appellee.**

## ON APPEAL FROM THE 24TH DISTRICT COURT
## OF REFUGIO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Justice Benavides**

Appellant Miguel Limon Jr. was charged with smuggling of persons, a third-degree felony. *See* TEX. PENAL CODE ANN. § 20.05. Pursuant to a plea bargain agreement, Limon was placed on deferred adjudication community supervision and assessed a $500 fine as a condition of his supervision. The trial court subsequently revoked Limon's supervision,

adjudicated him guilty of the underlying offense, and orally pronounced his punishment as "six years TDCJ, plus court costs." Afterwards, the trial court signed a written judgment of conviction that included a $500 fine. By a single issue, Limon complains that the $500 fine should be struck from the judgment because the trial court did not orally pronounce a fine at the time of adjudication. We affirm as modified.

## I.    STANDARD OF REVIEW & APPLICABLE LAW

We have "the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so." *Cazarez v. State*, 606 S.W.3d 549, 558 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *see* TEX. R. APP. P. 43.2(b); *see also Dang v. State*, No. 13-21-00352, 2022 WL 3092560, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 4, 2022, no pet.) (mem. op., not designated for publication). This includes the authority to correct clerical errors in the judgment. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *see also Dang*, 2022 WL 3092560, at *3.

"A defendant's sentence must be pronounced orally in his presence. The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement." *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (citations omitted); *see* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a); *see also Ex parte Madding*, 70 S.W.3d 131, 135 n.8 (Tex. Crim. App. 2002) (explaining that a defendant's right to be present for the oral pronouncement of sentence is rooted in constitutional due process). In other words, "it is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith." *Ex parte Madding*, 70 S.W.3d at 135 (quoting *Coffey v. State*, 979 S.W.2d

2

326, 328 (Tex. Crim. App. 1998)). Accordingly, "[w]hen the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls." *Id.* ("The rationale for this rule is that the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence."); *see* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(8) (providing that a "judgment shall reflect . . . that the defendant be punished in accordance with . . . the court's findings as to the proper punishment"). These variations are generally considered clerical errors subject to our modification power. *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).

"A fine is punitive in nature and is part of a defendant's sentence." *Anastassov v. State*, 664 S.W.3d 815, 820 (Tex. Crim. App. 2022). Consequently, like any other part of a sentence, a fine must be orally pronounced in the defendant's presence.[1] *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Hence, we have the authority to strike a fine from a judgment that was not orally pronounced. *See Taylor*, 131 S.W.3d at 502 ("Since the judge did not orally assess a fine as part of Taylor's sentence when guilt was adjudicated, the Court of Appeals was correct to delete the fine from the judgment.").

In cases such as this, where a defendant pleads guilty and is granted community supervision in one hearing, but that supervision is revoked in a subsequent hearing, the question of when the defendant's sentence was pronounced depends on the type of community supervision the defendant was placed on. With regular or "straight" community

---

[1] As an exception to this rule, a judgment that conforms to a jury's lawfully imposed sentence read aloud in the defendant's presence controls over any variation in the trial court's oral pronouncement. *Ette v. State*, 559 S.W.3d 511, 515 (Tex. Crim. App. 2018). This exception does not apply here.

supervision, the defendant is pronounced guilty during the plea hearing and assessed a punishment that is suspended. *Coffey*, 979 S.W.2d at 327, 329. If the defendant's community supervision is later revoked, the trial court's pronouncement during the plea hearing controls over any contrary statement made by the trial court during the revocation hearing. *Id.* (holding that fine imposed at original plea hearing and contained in judgment of revocation controlled over trial court's failure to re-announce fine during revocation hearing).

Conversely, when a defendant is granted deferred adjudication community supervision, as occurred here, punishment is only pronounced upon revocation, and the trial court's oral pronouncement during the revocation hearing controls over any deviation in the written judgment. *Taylor*, 131 S.W.3d at 502. This is true even when the trial court imposes a fine as a condition of deferred adjudication community supervision but later omits the imposition of a fine in its oral pronouncement of punishment. *Id.* at 498, 502.

## II.  ANALYSIS

Although the State acknowledges *Taylor* and its apparent application to this case, the State argues that *Taylor* is distinguishable because the judgment adjudicating guilt in that case included a statement that "the order deferring adjudication of guilt, and placing defendant on community supervision heretofore entered in this case be, and the same is hereby set aside and of no further force and effect." *Id.* at 499. The State notes that the judgment adjudicating guilt in this case does not contain a similar statement. The State contends that "*Taylor* should be limited to its own factual circumstances," and that in the absence of a similar statement in Limon's judgment adjudicating guilt, "this Court should

4

fall back on the reasoning in *Coffe*[*y*] that the original imposition of the fine at the time Limon was placed on probation satisfies his right to notice and oral pronouncement." We disagree with the State's narrow reading of *Taylor*.

The "critical distinction between deferred adjudication and regular probation," the *Taylor* Court explained, is that "when an accused receives deferred adjudication, no sentence is imposed. Then, when guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine." *Id.* at 502. The *Taylor* Court did not qualify its holding by requiring any magic language in the order adjudicating guilt. *See id.* Further, the holding in *Taylor* is consistent with the Texas Code of Criminal Procedure, which provides, "After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal, continue *as if the adjudication of guilt had not been deferred.*" TEX. CODE CRIM. PROC. ANN. art. 42A.110(a) (emphasis added). In other words, by statute, the very act of adjudicating guilt extinguishes the order deferring adjudication. The idea that this would not otherwise occur without a corresponding statement in the order adjudicating guilt is simply not supported by law.

The State also argues that *Taylor* was "wrongly decided" and that the Court of Criminal Appeals should reconsider its decision for various reasons. Of course, we are bound to follow *Taylor*, so we will leave it to the State to pursue those arguments in the appropriate court. *See Pacas v. State*, 612 S.W.3d 588, 596 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) ("As an intermediate court of appeals, we are bound to follow the precedent of the court of criminal appeals." (quoting *Ervin v. State*, 331 S.W.3d 49, 53

(Tex. App.—Houston [1st Dist.] 2010, pet. ref'd))); TEX. CONST. art. V, § 5(a) (providing that the Court of Criminal Appeals is the final authority for criminal law in Texas). Because the trial court did not orally pronounce a fine as part of Limon's sentence, his sole issue is sustained.

### III. CONCLUSION

We strike the $500 fine from the judgment and affirm the judgment as modified.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
23rd day of December, 2024.

6