

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00216-CR

_____

OCTAVIA SINGLETARY, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1456609

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

Appellant Octavia Singletary pleaded guilty to burglary in exchange for seven years' deferred-adjudication community supervision, a $700 fine, $450 in attorney's fees, court costs, and the trial court's list of conditions. The State filed its "Second Amended Petition to Proceed to Adjudication" five years later, alleging four violations of those conditions. Singletary pleaded "not true" to the State's allegations, but the trial court found the State's allegations "true," adjudicated her guilty of burglary, and orally pronounced her sentence of ten years' confinement. *See* Tex. Penal Code Ann. § 30.02(a)(1), (c)(2); *see also id.* § 12.33 (stating that a second-degree felony punishment is two to twenty years' confinement and up to a $10,000 fine).

The trial court's written judgment adjudicating guilt reflects not only the orally pronounced ten-year sentence but also a $642.55 fine, $621 in reimbursement fees, $133 in court costs, and $5,183 in reparations. The judgment also shows that the trial court check-marked a "general fine" of $700. However, in the judgment's special finding, the trial court stated that the $5,183 in reparations and the $1,396.55 in "court costs/fees" were to "run concurrent with sentence." *See generally* Tex. Code Crim. Proc. Ann. art. 43.09 (addressing credit for time served).

Singletary's court-appointed appellate counsel has filed a motion to withdraw as counsel and a supporting brief in which he avers that, in his professional opinion, this appeal is frivolous. Counsel's brief professionally evaluates the appellate record and demonstrates why no arguable grounds for relief exist; the brief and withdrawal

2

motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). *See Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991). Counsel also complied with the requirements of *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).[1]

Singletary did not seek access to the appellate record and did not file a pro se response. Likewise, the State did not file a response, but in a letter to this court, it agreed with appointed counsel's determination that there were no meritorious grounds upon which to advance an appeal.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills *Anders*'s requirements, we must independently examine the record for any arguable ground that may be raised on the

---

[1]In *Kelly*, the Court of Criminal Appeals listed additional tasks an appointed lawyer who files an *Anders* brief must perform:

> He must write a letter to (1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each, (2) inform him of his right to file a *pro se* response and of his right to review the record preparatory to filing that response, and (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous.[] To this list we now add that appointed counsel who files a motion to withdraw and *Anders* brief must also (4) take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes.

436 S.W.3d at 319. The court also required counsel to supply the appellant with the mailing address for the court of appeals. *Id.* at 320.

3

appellant's behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate record. We agree with counsel that, but for the following minor errors in the judgment and bill of costs, the appeal is wholly frivolous and without merit; we find nothing in the appellate record that otherwise arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

The judgment incorrectly states that the parties proceeded under the State's "Amended Motion to Adjudicate Guilt," but the record reflects that the trial court was aware at the hearing that the parties were proceeding on the State's "Second Amended Petition to Proceed to Adjudication," its live pleading at the time of the hearing. Accordingly, we correct the judgment to reflect the State's live pleading at the time of the hearing. *See Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.) (en banc).

The trial court did not orally pronounce a fine during sentencing, but the written judgment lists a $642.55 fine and the trial court check-marked a "general fine" of $700. "A fine is not a court cost or fee; it is part of the punishment." *Anastassov v. State*, 664 S.W.3d 815, 823 (Tex. Crim. App. 2022). Thus, barring a jury-verdict exception not applicable here, *see Ette v. State*, 559 S.W.3d 511, 513 (Tex. Crim. App. 2018), a fine must be orally pronounced in the defendant's presence. *Armstrong v.*

4

*State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Notwithstanding the trial court's special finding that the fines and costs would run concurrently, which we leave intact, we correct the judgment by deleting the fines that were not orally pronounced during sentencing. *See Bray*, 179 S.W.3d at 730.

We also delete the only item in the bill of costs—attorney's fees in the amount of $450 under "Reimbursement Fee Breakdown"—because the trial court's judgment makes clear that all of the assessments in the $1,396.55 amount in the judgment (which included $621 in "Reimbursement Fees") were to "run concurrent with sentence."

Having made these corrections to the judgment and bill of costs, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 27, 2025