

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00311-CR

_____

JAHYE AKHIL, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1754450

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Appellant Jahye Akhil pleaded guilty to sexual assault of a child, a second-degree felony. *See* Tex. Penal Code Ann. § 22.011(a), (f); *see also id.* § 12.33 (stating second-degree felony-punishment range is 2 to 20 years' confinement and up to a $10,000 fine). At the conclusion of Akhil's punishment hearing, the trial court pronounced a thirteen-year sentence with Akhil's "fees and court costs . . . to be satisfied with the time [he had] served." *See generally* Tex. Code Crim. Proc. Ann. art. 43.09 (addressing credit for time served). However, in its written judgment, the trial court added a $100 fine and $25 in reimbursement fees but also ordered court costs, the $100 fine, and the $25 reimbursement fees "to run concurrent with sentence." The bill of costs shows that Akhil owes $0 for the court costs but $25 for reimbursement.

Akhil's court-appointed appellate counsel has filed a motion to withdraw as counsel and a supporting brief in which he avers that, in his professional opinion, this appeal is frivolous. Counsel's brief professionally evaluates the appellate record and demonstrates why no arguable grounds for relief exist; the brief and withdrawal motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). *See Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991). Counsel also complied with the requirements of *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

2

Akhil did not seek access to the appellate record and did not file a pro se response. Likewise, the State did not file a response, but in a letter to this court, it agreed with appointed counsel's determination that there were no meritorious grounds upon which to advance an appeal.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills *Anders*'s requirements, we must independently examine the record for any arguable ground that may be raised on the appellant's behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate record. We agree with counsel that, but for the following minor errors in the judgment and bill of costs, the appeal is wholly frivolous and without merit; we find nothing in the appellate record that otherwise arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

The trial court did not orally pronounce a fine during sentencing, but the written judgment lists a $100 fine, and the trial court check-marked a "Child Abuse Prevention Fine" of $100. "A fine is not a court cost or fee; it is part of the punishment." *Anastassov v. State*, 664 S.W.3d 815, 823 (Tex. Crim. App. 2022). Thus, barring a jury-verdict exception not applicable here, *see Ette v. State*, 559 S.W.3d 511, 513 (Tex. Crim. App. 2018), a fine must be orally pronounced in the defendant's

3

presence. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We correct the judgment by deleting the fine that was not orally pronounced during sentencing; correct the special finding that the fine, fees, and court costs would "run concurrent with the sentence" to reflect the oral pronouncement that the fees and court costs are to be credited for time served; and delete the $25 listed in the bill of costs under "Reimbursement Fee Breakdown" to reflect that credit. *See Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.) (en banc); *see also* Tex. Code Crim. Proc. Ann. art. 43.09.

Having made these corrections to the judgment and bill of costs, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.


/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 17, 2025

4