

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00298-CR

_____

SHYANN NICHOLE FUENTES, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR15788

_____

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

On December 1, 2022, Appellant Shyann Nichole Fuentes was indicted for the offense of sexual assault of a child, a second-degree felony. *See* Tex. Penal Code Ann. § 22.011. One year later, Fuentes entered into a plea agreement and pleaded guilty to the charge in exchange for 10 years' deferred adjudication community supervision.

Approximately five months later, the State filed a motion to proceed with an adjudication of guilt, alleging that Fuentes had violated seven terms of her community supervision, including the use of methamphetamine in violation of the condition requiring her to abstain from the use of controlled substances. Fuentes pleaded "true" to all seven of the State's allegations. The trial court found the allegations true, revoked Fuentes's community supervision, adjudicated her guilty, and sentenced her to 20 years' imprisonment. *See* Tex. Penal Code Ann. § 12.33(a).

Fuentes's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), representing that after having conducted a "conscientious examination of the record of this case," he has determined that the appeal of this case is frivolous. In compliance with *Kelly v. State*, counsel provided Fuentes with copies of the brief and the motion to withdraw, as well as copies of both the clerk's record and the reporter's record, and informed her of her right to file a pro se response and to seek discretionary review pro se should this court deny relief. *See* 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Fuentes filed a pro se response to the *Anders* brief but raised no arguable issue that might support an appeal. The State did not file a brief, nor was it required to.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

After having carefully reviewed counsel's brief, Fuentes's response, and the appellate record we have found nothing that arguably might support an appeal, other than correcting minor errors in the judgment and bill of costs. Therefore, we agree with counsel that, but for the following errors in the judgment and bill of costs, an appeal would be wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

The trial court did not orally pronounce a fine during sentencing, and the judgment states that there are no fines, but the $360 "court costs" listed in the judgment correspond to a $337.50 "Criminal Fine Fee" and a $22.50 child abuse

prevention fine in the bill of costs. "A fine is not a court cost or fee; it is part of the punishment." *Anastassov v. State*, 664 S.W.3d 815, 823 (Tex. Crim. App. 2022). Thus, barring a jury-verdict exception not applicable here, *see Ette v. State*, 559 S.W.3d 511, 513 (Tex. Crim. App. 2018), a fine must be orally pronounced in the defendant's presence. *Alexander v. State*, 301 S.W.3d 361, 363–64 (Tex. App.—Fort Worth 2009, no pet.). The record reflects that no fines were orally pronounced in the defendant's presence during sentencing.

Accordingly, we correct the judgment and bill of costs by deleting these two fines that were not orally pronounced during sentencing. *See Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.) (en banc).

Having made these corrections to the judgment and bill of costs, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 29, 2025